■ In the Matter of AUDREY ANNENBERG, Appellant, v. ALFRED ANNENBERG, Respondent.— In a proceeding to modify a Mexican divorce decree with respect to the support of three children of the parties, petitioner appeals from so much of an order of the Family Court, Queens County, dated July 30, 1973, as granted the application only to the extent of increasing the award of support of $25 per week for each child (as provided in a separation agreement) to $35 per week for each child. Order modified, on the facts, by changing the increase to $42 per week for each child, for a total of $126 per week. As so modified, order affirmed, insofar as appealed from, with costs to appellant. In our opinion the increase was inadequate to the extent indicated herein. Cohalan, Acting P. J., Christ, Brennan, Benjamin and Munder, JJ., concur.

■ In the Matter of WILLIAM M. BECKER, SR., an Alleged Incompetent Person. HARRIET BECKER, Appellant; FIRST WESTCHESTER NATIONAL BANK et al., Respondents.— In a proceeding to declare a person incompetent, petitioner appeals (1) from so much of a judgment of the Supreme Court, Westchester County, dated April 2, 1974 and granting such relief, as appointed the First Westchester National Bank as cocommittee of the person and property of the incompetent and (2) from a decision of said court, dated April 29, 1974, which denied petitioner's motion to resettle the judgment so as to substitute as such cocommittee the National Bank of Westchester. Appeal from decision dismissed. No appeal lies from a decision. Judgment modified, on the law and in the exercise of discretion, by striking " The First Westchester National Bank, 401 Main Street, New Rochelle, New York 10801 " from the second decretal paragraph thereof and substituting therefor: " the National Bank of Westchester ". As so modified, judgment affirmed insofar as appealed from. Appellant is awarded a single bill of costs against respondent First Westchester National Bank. Under the facts and circumstances of this case, and in the absence of valid overriding objections to the bank nominated by petitioner to act as cocommittee of her incompetent husband, it was an abuse of discretion to appoint another bank to that position. Cohalan, Acting P. J., Christ and Munder, JJ., concur; Benjamin, J., dissents and votes to affirm, with the following memorandum: It was agreed that an institutional committee was required. It was entirely within the discretion of the Justice in charge of this proceeding to decide which institution should be entrusted with this incompetent's estate. This discretion should not be disturbed. There is indeed no contention that the designation of the respondent bank was an abuse of discretion. The dispute is only as to counsel to be retained by such bank. Selection of counsel is necessarily within the sole control of a committee, and no basis for a declaration of abuse of discretion flows from such selection. Brennan, J., not voting.